REQUESTED BY: Dear Senator Maresh:
You have referred us to Neb.Rev.Stat. §§ 19-3801 et seq. (Reissue 1977) and pointed to an apparent inconsistency in two sections therein involved. You state that there is a problem and you intend to introduce corrective legislation.
Section 19-3801 in part provides, `[T]he county board shall enter into such a contract when requested by a village to do so.' These sections generally authorize a county and a city of the first or second class or a village to enter into an Interlocal Cooperation Agreement Act contract for the provision of police services to such subdivisions of government by the county sheriff. In the original enactment in LB 594, Eighty-second Legislature, 1971, the cost of such contracts was to be no greater than $.75 per person per month.
This limitation cost was struck by LB 557, Section 1, Eighty-fifth Legislature, 1977.
Your question is, may these sections be read together constitutionally.
Specifically, you ask if § 19-3801 requires the county to enter into a contract yet § 19-3803 allows for negotiation as to the cost to a village in such a contract, is there a constitutional problem.
We see no constitutional problem involved in these particular provisions. It is obvious that the intent of the legislation is to authorize the provision of police services to cities and villages by the county sheriff. It is contemplated that these services will be governed by a contract to be entered into under the provisions of the Interlocal Cooperation Agreement Act, §§ 23-2201 et seq. If agreement cannot be reached, one of the terms of the contract will be missing. That term, i.e., the cost, is required under Neb.Rev.Stat. § 23-2204 (Reissue 1977), as part of the contract. No specific statute authorizes a means of reconciling such differences. Section 19-3803 requires that prior to the entry into the contract, the cost must be agreed to by both parties. If that agreement cannot be reached by both parties, then the ability to enter into the contract would cease to exist under § 19-3803.
Therefore, the provisions of § 19-3803 would control over the provisions of § 19-3801 requiring the county to enter into such contract. This is particularly true in light of the fact that the second provision is the later enactment of the Legislature and as such would generally control over the prior act if it is not inconsistent with the prior act. We do not see it as being facially inconsistent.